Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV 89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RASHAD WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, DEPARTMENT OF CORRECTIONS; CHARLES DANIELS, DIRECTOR, STATE OF NEVADA, DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | CASE NO.<br><br>COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON:<br><br>1. DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT<br>2. RETALIATION<br>3. WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY<br>4. VIOLATION OF 42 U.S.C. §1983 EQUAL PROTECTION<br><br>JURY DEMAND |

Plaintiff RASHAD WILLIAMS ("Plaintiff" or "Williams") alleges as follows:

1.      This action is brought pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. §12101, et seq. (hereinafter "ADA") as it involves a claim by Plaintiff for disability discrimination including failure to accommodate, retaliation and constructive termination in violation of the ADA, an Equal Protection claim under 42 U.S.C. §1983 and a state law claim for

1

constructively terminating Plaintiff for filing a worker's compensation claim. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. At all relevant times, the STATE OF NEVADA, NEVADA DEPARTMENT OF CORRECTIONS ("Defendant Nevada Department of Corrections" or "Nevada Department of Corrections") employed twenty (20) or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and are therefore subject to the provisions of the ADA.

3. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

4. Plaintiff, Williams, is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

5. Defendant Nevada Department of Corrections is a public entity and a Department of the State of Nevada, who Plaintiff was employed by at all relevant times giving rise to the claims asserted herein.

6. Defendant Charles Daniels ("Defendant Daniels" or "Director Daniels") is being sued in his official capacity as director of the State of Nevada, Department of Corrections.

## EXHAUSTION OF REMEDIES

7. Plaintiff timely filed a "Charge of Discrimination" with the Nevada Equal Rights Commission and Equal Employment Opportunity Commission and was issued a Notice of Right to Sue by the EEOC on March 25, 2022, a copy of which is attached to the Complaint as Exhibit "A".

## STATEMENT OF FACTS

8. On or about July 16, 2016, Plaintiff was hired by the Department of Corrections as

a Correctional Officer. In December 2018 Williams briefly terminated his employment with Defendant but was rehired on January 14, 2019.

9. On or about May 18, 2020, Plaintiff sustained an injury to right hip, groin and leg when he slipped and fell down a stairwell in Unit 3 A/B control bubble. Williams had come from the control bubble to retrieve his lunch and on the last three stairs from the bottom slipped and tried to catch himself with his right leg causing the injuries.

10. Plaintiff filed a workers compensation claim due to the injuries and his care was placed under the administration of a third party administrator for workers compensation.

11. Williams was given work restrictions including no lifting over 20 pounds, no pushing or pulling over 25 pounds, no running, no climbing and no inmate confrontations.

12. To accommodate these restrictions, the Nevada Department of Corrections initially placed Plaintiff in main control monitoring the movement of inmates coming and going and verifying inmate counts.

13. This continued until July 2, 2020 when Williams was notified that he would no longer be accommodated in main control or with any other position. From that time forward, Defendant Nevada Department of Corrections would only allow Plaintiff to return to his full duty position as a Correctional Officer.

14. Williams believed that in addition to the main control position, he could work in the mail room sorting mail, work in the tower watch, work in the warden's office answering questions, etc., work in the Casa Grande location off Russell manning the front desk and working the graveyard shift doing prisoner counts and sorting mail.

15. This created an intolerable situation for Plaintiff because the Nevada Department of Corrections refused to accommodate Plaintiff in any of these or other positions Williams was able to perform with his restrictions.

16. Thus Plaintiff was forced to submit his resignation on November 2, 2020, constructively terminating his employment with Defendant Nevada Department of Corrections.

17. Further this was reasonable because Williams could not perform the job duties of a Correctional Officer with his restrictions and he had run through his savings and retirement so he could not continue to not work and not get paid but rather needed to get another job that he could perform with his restrictions so he could support himself.

## FIRST CAUSE OF ACTION

### (For Disability Discrimination and Failure to Accommodate in

### Violation of the Americans with Disabilities Act of 1990)

### (Against Defendants Nevada Department of Corrections and Director Daniels)

18. Plaintiff Williams incorporates the allegations set forth in paragraphs 1 through 17, inclusive, as if fully set forth herein.

19. This cause of action is brought pursuant to the ADA to obtain relief for Plaintiff for failing to accommodate his disabilities and constructively terminating his employment in violation of the ADA.

20. As set forth hereinabove, Williams injured his right hip, groin and leg when he slipped and fell at work which restricted Plaintiff from lifting over 20 pounds, pushing or pulling over 25 pounds, running, climbing and participating in inmate confrontations.

21. These ailments qualify as physical impairments under the ADA. Further they substantially limited Plaintiff in performing major life activities, including but not limited to lifting, pushing, pulling, climbing and working, and thus qualified Williams as being disabled under the ADA.

22. Further Plaintiff was a qualified individual with a disability under the ADA because he could have been accommodated by the Nevada Department of Corrections by giving him alternative jobs including main control (which he had already done), working in the mail room sorting mail, working in the tower watch, working in the warden's office answering questions, etc., working in the Casa Grande location off Russell manning the front desk and working the graveyard shift doing prisoner counts and sorting mail.

23. Thus by not accommodating Williams with an alternative job that he could perform with his restrictions and instead insisting that Plaintiff perform his regular job as a Corrections Officer without accommodations, Defendants was in violation of the ADA.

24. Further Plaintiff was forced to resign his position as a Corrections Officer on November 2, 2020 because he was not able to perform all of the job duties of the position with his restrictions, thus constructively terminating his employment with Defendant Nevada Department of Corrections.

25. This was reasonable because Williams had run through his savings and retirement so he could not continue to not work and not get paid but rather needed to get another job that he could perform with his restrictions so he could support himself.

26. As a direct, foreseeable, and legal result of Defendants failing to accommodate Plaintiff under the ADA and instead constructively terminating his employment, Plaintiff has suffered, overall economic losses in earnings, pension, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

27. As a further direct, foreseeable, and legal result of Defendants failing to accommodate Plaintiff under the ADA leading to Williams constructively terminating his employment, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seek damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

28. In acting as they did, Defendants knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

29. Plaintiff claim the damages alleged herein, together with prejudgment interest as

provided by law, in a sum according to proof at trial.

30. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (For Retaliation)

### (Against Defendants Nevada Department of Corrections and Director Daniels)

31. Plaintiff Williams incorporates the allegation set forth in paragraphs 1 through 30, inclusive, as if fully set forth herein.

32. This cause of action is brought pursuant to the ADA, as it involves a claim by Plaintiff for Retaliation in violation of ADA.

33. As set forth herein above, Plaintiff was retaliated against for engaging in protected activity including exercising or trying to exercise his ADA.

34. As a direct, foreseeable, and legal result of Defendants' Retaliation, Plaintiff has suffered, overall economic losses in earnings, pension, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

35. As a further direct, foreseeable, and legal result of Defendants' Retaliation, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

36. In acting as they did, Defendants' knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

37. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

38. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## THIRD CAUSE OF ACTION

**(For Tortious Discharge in Violation of State Public Policy -**

**Discharging Plaintiff for Filing a Worker's Compensation Claim)**

**(Against Defendants Nevada Department of Corrections and Director Daniels)**

39. Plaintiff Williams incorporates the allegations set forth in paragraphs 1 through 38, inclusive, as if fully set forth herein.

40. This cause of action is brought pursuant to the public policy of the State of Nevada making it against said policy to discharge or otherwise adversely affect an employee's employment in retaliation for filing a claim for Worker's Compensation. See *Hansen v. Harrah's*, 675 P.2d 394 (1984); *Torre v. J.C. Penny Co.*, 916 F.Supp. 1029 (D. Nev. 1996).

41. As set for above, on or about May 18, 2020, Plaintiff sustained an injury to right hip, groin and leg when he slipped and fell down a stairwell in Unit 3 A/B control bubble. Williams had come from the control bubble to retrieve his lunch and on the last three stairs from the bottom slipped and tried to catch himself with his right leg causing the injuries.

42. Thereafter, since the occurrence happened within the course and scope of Plaintiff's employment with Nevada Department of Corrections, Plaintiff filed a worker's compensation claim.

43. Finally, Williams' employment with Nevada Department of Corrections was constructively terminated on November 2, 2020.

44. Plaintiff believes, alleges, and will prove at trial that Defendants' decision to constructively terminate Williams' employment was because of and in retaliation for Plaintiff

filing a worker's compensation claim and requesting treatment and other benefits pursuant to the worker's compensation laws.

45. As a direct, foreseeable, and legal result of Defendants constructively terminating Plaintiff on November 2, 2020 because of and in retaliation for filing a worker's compensation claim, Williams has suffered and continues to suffer, substantial losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

46. As a further direct, foreseeable, and legal result of the Defendants constructively terminating Plaintiff on November 2, 2020 because of and in retaliation for filing a worker's compensation claim, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

47. In acting as they did, Defendants knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

48. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

49. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## FOURTH CAUSE OF ACTION

**(Violation of 42 U.S.C. §1983 Equal Protection)**

**(Against Defendants Nevada Department of Corrections and Director Daniels)**

50. Plaintiff Williams incorporates the allegation set forth in paragraphs 1 through 49,

inclusive, as if fully set forth herein.

51. This cause of action is brought pursuant to 42 U.S.C. §1983 to obtain relief for Plaintiff for violation of his right to equal protection of the laws of the United States.

52. Defendants violated Plaintiff's right to equal protection of the laws pursuant to 42 U.S.C. §1983 when they, *inter alia,* subjected Williams to unlawful disability discrimination and retaliation.

53. As a direct, foreseeable, and legal result of this discrimination interference in violation of his equal protection rights under 42 U.S.C. §1983, Plaintiff has suffered, overall economic losses in earnings, pension, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

54. As a further direct, foreseeable, and legal result of this discrimination or interference in violation of his equal protection rights under 42 U.S.C. §1983, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

55. In acting as they did, Defendants knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

56. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

57. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Williams demands judgment against Defendant as follows:

1. Declaring that the acts and practices complained of here are a violation of ADA, 42 U.S.C. §1983 and Nevada public policy;

2. Enjoining and permanently restraining the violations by Defendant of the ADA, 42 U.S.C. §1983 and Nevada public policy;

3. For overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5. For punitive damages;

6. For liquidated damages in an amount equal to double the amount of Plaintiff's actual damages;

7. For attorney's fees and costs in an amount determined by the court to be reasonable;

8. For pre-judgment interest on all damages; and

9. For any other and further relief that the Court considers proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 6/23/2022        LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV 89141

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Las Vegas Local Office**
333 Las Vegas Blvd South ,Suite 5560
Las Vegas ,Nevada ,89101
(702) 553-4470
Website:  www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/25/2022

**To:** Mr. Rashad Williams
2117 Tosca St. Apt 106
LAS VEGAS, NV 89128

Charge No: 487-2020-01861

EEOC Representative and email:    Donna Cutley
Sr. Investigator
donna.cutley@eeoc,gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 487-2020-01861.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Las Vegas Local Office**
333 Las Vegas Blvd South, Suite 5560
Las Vegas, Nevada, 89101
(702) 553-4470
Website: www.eeoc.gov

On Behalf of the Commission:

Digitally Signed By: Christine Park-Gonzalez
03/25/2022

Christine Park-Gonzalez
Acting District Director

**Cc:**
Sharla Bennett
EEO Officer
NEVADA DEPARTMENT OF CORRECTIONS
skbennett@doc.nv.gov
C Cohan
Sr. EEO Specialist
ccohan@doc.nv.gov

Please retain this notice for your records.